Honours, may it please the court. Both the facts and the issue. You should give your name, counsel, for the record. Excuse me, Your Honour. Evan Murray, representing the petitioner. Yes, counsel. Both the facts and the issue in the instant matter are very simple and very straightforward. The facts simply are that the petitioner had car trouble and was late arriving in the court. The immigration judge had already called the case and issued an order in absentia. But the relevant fact is that the immigration judge was still on the bench when the petitioner arrived. Mr. Murray, I know that that's the assertion in the brief. Is there any statement under oath that substantiates that? The respondent asserts that there is not. But, Your Honour, I... Well, that's why I'm just asking the question. Is there? Yes, I believe there is, Your Honour. And let me quote specifically and let me characterize the situation. The petitioner, in his motion to reopen in the immigration court, submitted a brief in pro per. Yes, and he said this is... I'm truthful. Yes, he did. He did. He didn't make an affidavit under penalty of perjury. But what he stated specifically is, I'm being truthful. And he signed the document. And he said specifically, you know, when I arrived in court, I walked in the courtroom, the immigration judge was seated in his chair. And that's his... So that's his declaration. So your answer, yes, in part, because Judge Reimer's question, is it under oath? Well, I mean, what you're saying is that we should, therefore, because he's pro per, we should treat that as a declaration under penalty of perjury. I believe that... I believe the court should, Your Honour. He states very specifically he's trying to do what he understands in pro per as making a declaration under honour. He says, I am being truthful. You know, and a person that doesn't understand the protocol of the court, how else is he going to make a declaration under oath? I believe that qualifies as specifically as he possibly could make it. Thank you, Your Honour. I appreciate that. So here we are. The immigration judge is still on the bench. And he comes in and submits his case to the clerk. And while he's submitting his case to the clerk, his paper to the clerk, the immigration judge gets up and walks out. Petitioner appeals, and his appeal essentially rests on two grounds. First ground is petitioner contends that he's not required to show exceptional circumstances in as much as he's not challenging deportability. In the matter of MS, which is found at 22 INN, December 349, it's a BIA case, 1998. It establishes, among other things, that if deportability is not being challenged, exceptional circumstances is not an issue. So that's his first grounds. Respondent contended that the petitioner failed to raise this issue in the administrative proceedings below and therefore is prohibited from asserting this argument. However, again, we would point out to the court two things. Number one, the petitioner was submitting his brief to the BIA, again, improper. So he was doing this on the grounds of a lay person and shouldn't be held to the same standards as if he had been represented by counsel. Secondly, in his brief, he does specifically make an exceptional circumstances argument. So we would assert that that should qualify as having brought this matter before the BIA. Second grounds and perhaps the more compelling grounds that the petitioner asserts is that exceptional circumstances should not be an issue in any event because even though petitioner was late arriving at the court, the immigration judge was still on the bench when petitioner arrived and petitioner should have been acknowledged by the judge as was held very specifically, virtually the exact same situation in the Ninth Circuit case of Gerizano versus INS. A little bit of a difference because there is a 20-minute delay. In here, there's a two-hour delay. And even his lawyer had given up on him. Well, I acknowledge that the bill – There is that difference. I acknowledge that there definitely – But let me ask you this more importantly. Let's just assume you're correct. What difference would it have made? I mean, there's nothing in the record to show that had he – had the judge accepted his presence as timely, that it would have resulted in anything to his benefit. Your Honor, I can only indicate from my personal experience at numerous, numerous immigration hearings, I've never seen a circumstance where the petitioner was present in court and made his appearance and the judge acknowledged his appearance when the judge went ahead notwithstanding and – I'm saying assume that's what he should have done, okay? Yeah. I'm assuming he was there and the judge should have said, okay, fine. Then the judge would have continued his case. That has been what has happened in – What would that have accomplished except just buying him some more time? It would have given him the opportunity to present his case to the – Which would have been what? That's what I'm trying to find out. What would he have accomplished by it? There's nothing in the record that I can tell that shows that it would have mattered. There's no indication in the record that he would be entitled – what he's entitled to. Well, he's entitled to his day in court. Judge, what I'm asking you is if any merit to the case he would have presented. What would have happened had he had his day in court? What would have happened? I believe that he would have been entitled to a grant of his petition in the matter. And certainly all of the – Well, Your Honor, the entire record is before the court. I know. And I apologize that I'm not intimately conversant with the specific allegations in the record. But what I am suggesting to the court is that he would have been given the opportunity to present his evidence and have his day in court. And that's what the immigration judge denied him. Are you saying you're not familiar with the merits to the case? I can't quote you verbatim right now. No, no, not verbatim. No, I'm not intimately acquainted. I did not represent the petitioner in the court, and I did not go through and memorize all of the relevant – Not to memorize. I mean, if you're not familiar with the merits – I'm not prepared today to go through and give all of the merits of his case. No, I'm not. All of or any of. Look, all you have to do is answer the questions. I mean, you know, if you're not familiar with the merits, just say you're not familiar with the merits. Do you have to say, I'm not familiar with the details of the merits? I'm not familiar with the details of his case. No, you're not familiar with the merits. Okay. Okay. All right. That's a nice, simple answer. May I proceed? Yes. You have a minute and a half, if you'd rather save it for rebuttal. You can do that or you may proceed now. Your Honor, I would like to address one other issue, which is not before the court specifically. It's because the petitioner is asserting that exceptional circumstances are not relevant in this case for the two grounds that we've asserted. However, this case very dramatically dramatizes what I consider to be the underlying – the flaw in the underlying law. And the underlying law does focus on exceptional circumstances as being compelling circumstances, and it ignores the more pertinent comment in the law, which talks about being beyond the control of the alien. The courts and the cases have all focused on the fact that car problems are not compelling circumstances. But we've all had the experience of car troubles. We all know that largely car troubles are beyond our control, and therefore that's a very arbitrary distinction. Well, a time when you leave for some place is not outside your control at all. No, but that's not the – he had car troubles. Then you allow for it, that's all. I mean, when you've got a court appearance to make that's important to your life, you make sure you're there and you're there on time. You know, I mean, that's just the way the world works. And besides, we're bound by our prior law that says that. And besides, you're not raising that as an issue in this case. And I'm not asking the respondent to respond to that issue at all. Okay. Well, then why you wasted your last time for rebuttal on an issue that's not before us, I'm not sure I understand, but you now have a half minute left for rebuttal. I'll reserve it. I know you're a half minute over, but we'll give you a half minute. Thank you, Your Honor. But if we do, you ought to address the issues that are before us. Thank you. Well, I would note that one counsel in a case today may not be here because he's tied up in the fog traffic. Well, if we're going to make observations that are relevant to the case, I would observe that you should leave extra time in case there are problems on a freeway. But it's hard to know that your car is going to have mechanical difficulties and break down, and I don't know how you anticipate that, but maybe. Okay. Now we've all made comments that are not particularly relevant. Okay. May I proceed, Your Honor? Yes. May it please the Court, Michael Truman on behalf of the government. Your Honors, I'd like to just simply address the points that were raised by Petitioner's counsel in this case. Maybe I'll sort of begin at the end here with the question as to what difference would it have made in this case. And as the Court has implied and is evident from the record, there is no allegation whatsoever in his motion to reopen or in his motion in his appeal to the Board of any relief that he would have sought had he been in court. There's no claim of any application that he would have filed. Do you think that's essential? Or is it the capacity to present a case?  Yes, but just as an abstract matter, should it be more than having to just show that he's not been given his day in court? Well, yeah. I think typically if he's claiming that he's been denied his access to a full and fair hearing, for example, he's making some kind of due process argument, typically the courts would like to see some showing of prejudice in this case. And here in raising... Well, the prejudice is, if we buy this argument, that he wasn't able to come in and present his case. Now, is that enough? Well, he hasn't failed what he would have shown had he been able to come in and present, what merit there would have been to his case. And he acknowledged that he wasn't familiar with his merits. And in the record, there's no evidence in either his motion to reopen or in his appeal to the Board that there was any application he would have filed and what the merits of that application would have been had he pursued relief, as they say, had he had his day in court. But I think really the important point in this case is that... Was there an asylum application that was filed? What it is, the asylum application, typically in these cases, the asylum application wasn't claiming asylum. Basically, it's a method for... You mean that they filed an asylum application and didn't... that says, I came to the United States to work. This is typically people from... Not typically. What did this asylum application say? What he said in this asylum application is that he came here from Mexico to work in the United States and he did not fear any return to Mexico. But what that does, by filing the asylum application, that triggers the immigration proceedings. So then he was able to be put in proceedings because he filed that. And what typically happens, this didn't happen here because he didn't appear at the hearing, but what typically happens is they withdraw their asylum application, and they will concede removability, and then they will file some positive form of relief, such as cancellation of removal or some other application. That didn't happen here, and he didn't even... As I pointed out, he didn't allege what he would have filed had he had an opportunity to do that. He filed this motion to reopen in pro para. Yeah, these were both pro se motions. The motion to reopen and then his appeal to the board. But I think the key point in this case is petitioner's reading of the Gerozano case. And I think it's important to note that the facts in that case are distinguishable. Well, as Judge Reimer pointed out, there's a difference in that in Gerozano, it was a 15 to 20-minute delay due to traffic, I guess. And here the car broke down, and it was a two-hour delay. That's right. Is that the principal difference in the case? Well, and also the immigration judge in that case was still conducting court. There were still proceedings going on with attorneys, government attorney present. His attorney was still present, presumably. I guess that's not exactly in the facts of Gerozano. But the court was still going on. When he showed up here, if we accept his statement as true, the proceedings were already closed. His attorney had already left because he failed to show up. So that, in addition to the fact that the delay was two hours, I think distinguishes it significantly from the Gerozano case. And the reason is I think if the court would allow that, allow a two-hour delay, I think that would substantially undermine the efficiency of immigration courts. Well, why isn't there a better reason that a car broke down and you have to find a bus and get there than it is that there's traffic? Traffic's much more foreseeable, isn't it? Well, but even so, Your Honor, he did find an alternative method of showing up in court. He found a bus. Perhaps he could have called a taxi or somehow got to- Well, he didn't necessarily have the money. We're talking about very poor people. Right. But as was pointed out, this case is presumably very important to the petitioner, that he should plan in advance, know that L.A. traffic is perhaps bad at times, know that his- I think basically this court has held that traffic problems- Well, this isn't a traffic problem. Well, but I think he claims that the overheating was caused because he was stalled in traffic. That's what he claims in his motion to reopen before the board- or motion to reopen before the immigration judge and on his appeal to the board. Because he was stalled in traffic, that's why he overheated and had to travel on the surface roads. And so I really think that this court's holding in Sharma applies to this case in that these traffic problems are not exceptional circumstances. In Gerizano, was there a showing of merit to the case, to the individual's case? I'm sorry, Your Honor. I can't say off the top of my head what the application was that the petitioner was seeking. Let's see here. Just briefly reviewing the facts of the case here. I can't see where that was noted in the case. It may be, but in any event, I think, as I already stated, that if he's making a due process claim that prejudice- So is Gerizano. I'm just looking for what our precedent is. And if our precedent is that in Gerizano it was not necessary to show merit to the claim, I assume that would be the case in this case. You know, I- In Gerizano, he was treated as having appeared in time. That's right. So there's no need to show prejudice. Well, that's the issue here is whether he appeared, right? That there wasn't a failure. Whether the- Whether there was not a failure to appear. Right. That is the issue in this case. And, again, I'd simply state that extending that to two hours, the two-hour buffer or more, I think really substantially undermines the efficiency of immigration courts. I don't think that aliens should be told, you know, as long as you appear before the judge leaves the bench, just show up any time. I don't think that's a very effective way of running an immigration court. You'd have to show up with a reason, and he has a reason. This isn't a carte blanche for stroll into court whenever you want. But that fits within the in absentia proceedings because you can reopen under exceptional circumstances. You are given an avenue to provide a reason if you fail to appear at the appointed time. This court has given wiggle room, 15 to 20 minutes, a reasonable time, reasonable traffic. Actually, I thought it was traffic, but as I look at it now, it's because he had a stomachache. And that's much easier to take care of. All you need to do is set an alarm. Well, he could have also presumably have telephoned the immigration court and told him that his car had broken down. He doesn't have a cell phone probably like you and I, and there aren't many public telephones around anymore. So to say he could easily call, you know, could he? That's just an assumption. Yeah, none of that is in the record. What is in the record is that he failed to appear. He was two hours after his hearing date. He had received notice. And this court's case law says that traffic problems do not constitute exceptional circumstances. And our argument really is that one, the Jirazano case, shouldn't be extended to the two-hour delay or two-hour-or-more delay. We want to be really hard-boiled, don't we? Well, I think at some point we have to decide where we have to draw the line. This court is great at a wiggle room, 15 to 20 minutes, but I think two hours or more would substantially undermine the efficiency of the immigration courts if they were permitted to show up whenever they could make it. I think that would really disrupt how the judges planned their lives and how they conducted proceedings. And I don't think it's unreasonable for them to hold people that are appearing in front of the court to a reasonable time frame of appearing on time. I see that I'm about out of time. I would simply urge this court to deny the insistent petition for review. Thank you very much. Thank you, counsel. Can I address one issue? If you can do it in 30 seconds. Your Honors, your questions have been very intuitive and very specifically on point to the petition. Well, I'm glad we were doing a good job. Your Honors, the relevant issue here is failure to appear. And the petitioner did not fail to appear. The petitioner had problems, but he overcame those problems and he appeared in court, and that's the relevant issue. And so we can't characterize this as a failure to appear. The petitioner deserves an opportunity to present his case in court. That's what the Gerizano case provided, was the opportunity to present his case in court. Thank you, counsel. Thank you, Your Honors. The case is directed to be submitted. Next case on the calendar is Torres-Ramos.
judges: Fletcher, Reinhardt, Rymer